# EXHIBIT C

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| U.S. Bank as Trustee for 2006-6 Trust | ) | |
| | ) | CASE NO. 2017-CM05631 |
| Plaintiff, | ) | dispossessory proceeding |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CLARENCE CARR'S ANSWER
### TO THE DISPOSSESSARY WARRANT

**NOW COMES** Defendant Clarence Carr (hereinafter "Defendant"), one of

the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over him, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is his landlord.

---

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of possession of the Property in the case styled CLARENCE CARR v. US Bank TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a final adjunction on the merits. The claim herein was a compulsory counterclaim that was not raised in the prior action and is thus barred from being asserted in this Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State Court. Accordingly this case is, among other things, an impermissive collateral attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered

-3-

until the judgment is reversed or set aside." See Fowler v. Vineyard, 261 Ga. 454, 455, 405 S.E.2d 678 (1991).

12.

The Summons is defective therefore the dispossessory warrant must be dismissed. The last possible date to answer shall be stated on the summons. (See O.C.G.A. § 44-7-51(b).

13.

Plaintiff failed to pay costs of the prior action it voluntarily dismissed before filing this renewal action therefore the case must be dismissed.

14.

This claim is subject to a mutually agreed upon arbitration agreement.

**JURY TRIAL DEMAND**

15.

Defendant hereby demands a trial by jury on all claims so triable.

**WHEREFORE** Defendant respectfully requests this Court:

a. Dismiss this action with prejudice;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2017.

Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| U.S. Bank as Trustee for 2006-6 Trust | ) | CASE NO. 2017-CM05631 |
| Plaintiff, | ) | dispossessory proceeding |
| v. | ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants | ) |  |
| Defendants. | ) |  |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT CLARENCE CARR'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

*Clarence Carr*

Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

-6-

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| U.S. Bank as Trustee for 2006-6 Trust | ) |
| | ) CASE NO. 2017-CM05631 |
| Plaintiff, | ) dispossessory proceeding |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT TAMMY CARLISLE'S ANSWER
## TO THE DISPOSSESSARY WARRANT

**NOW COMES** Defendant Tammy Carlisle (hereinafter "Defendant"), one

of the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over her, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is her landlord.

---

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.

-1-

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

-2-

judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of possession of the Property in the case styled CLARENCE CARR v. US Bank TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a final adjunction on the merits. The claim herein was a compulsory counterclaim that was not raised in the prior action and is thus barred from being asserted in this Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State Court. Accordingly this case is, among other things, an impermissive collateral attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered

-3-

Tammy Carlisle
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| U.S. Bank as Trustee for 2006-6 Trust )<br><br>Plaintiff, )<br><br>v. )<br><br>Clarence Carr & all other occupants )<br><br>Defendants. ) | CASE NO. 2017-CM05631<br>dispossessory proceeding<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT TAMMY CARLISLE'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

Tammy Carlisle
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

-6-

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| U.S. Bank as Trustee for 2006-6 Trust ) | |
| ) | CASE NO. 2017-CM05631 |
| Plaintiff, ) | dispossessory proceeding |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants ) | |
| ) | |
| Defendants. _____ ) | |

## DEFENDANT MICHAEL DONDIS'S ANSWER
## TO THE DISPOSSESSARY WARRANT

**NOW COMES** Defendant Michael Dondis (hereinafter "Defendant"), one

of the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over her, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is her landlord.

---

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

judge or the clerk or deputy clerk of any other court with jurisdiction over the
subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim
preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of
possession of the Property in the case styled CLARENCE CARR v. US Bank
TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates
Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a
final adjunction on the merits. The claim herein was a compulsory counterclaim
that was not raised in the prior action and is thus barred from being asserted in this
Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first
being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to
dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State
Court. Accordingly this case is, among other things, an impermissive collateral
attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a]
judgment of a court of competent jurisdiction shall be conclusive between the same
parties and their privies as to all matters put in issue or which under the rules of
law might have been put in issue in the cause wherein the judgment was rendered

until the judgment is reversed or set aside." See Fowler v. Vineyard, 261 Ga. 454, 455, 405 S.E.2d 678 (1991).

12.

The Summons is defective therefore the dispossessory warrant must be dismissed. The last possible date to answer shall be stated on the summons. (See O.C.G.A. § 44-7-51(b).

13.

Plaintiff failed to pay costs of the prior action it voluntarily dismissed before filing this renewal action therefore the case must be dismissed.

14.

This claim is subject to a mutually agreed upon arbitration agreement.

## JURY TRIAL DEMAND

15.

Defendant hereby demands a trial by jury on all claims so triable.

**WHEREFORE** Defendant respectfully requests this Court:

a. Dismiss this action with prejudice;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2017.

-4-

Michael Dondis
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

-5-

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| U.S. Bank as Trustee for 2006-6 Trust | ) | |
| | ) | CASE NO. 2017-CM05631 |
| Plaintiff, | ) | dispossessory proceeding |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT MICHAEL DONDIS'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

Michael Dondis
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236