## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

U.S. BANK NATIONAL
ASSOCIATION o/k/a U.S. BANK
NATIONAL ASSOCIATION, AS
TRUSTEE FOR TBW
MORTGAGE-BACKED TRUST
2006-6, MORTGAGE PASS
THROUGH CERTIFICATES,
SERIES 2006-6V,

      Plaintiff,

vs.

CLARENCE L. CARR,

      Defendant.

CIVIL ACTION
FILE NO. 1:17-CV-4876-TCD-
WEJ

## PLAINTIFF'S LIMITED OBJECTION TO MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

COMES NOW, Plaintiff U.S. BANK NATIONAL ASSOCIATION o/k/a U.S.

BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-

BACKED TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES,

SERIES 2006-6V ("Plaintiff"), and by and through its undersigned counsel and

pursuant to Federal Rule of Civil Procedure 72(b)(2), files this its limited objection to

the Magistrate Judge's Final Report and Recommendation [Dkt. 3], respectfully

showing the Court as follows.

017237-008836

INTRODUCTION

Plaintiff files this limited objection to the Magistrate Judge's Final Report and Recommendation (the "R&R") for the limited purpose of requesting that the Court as part of its final order require Defendant Clarence L. Carr ("Defendant"), Michael Dondis, and Tammy Carlisle to obtain permission from the Court before filing additional removal or other actions which concern the underlying dispossessory matter.

STATEMENT OF FACTS

Almost seven (7) years ago, on January 4, 2011, Plaintiff foreclosed the Property previously owned by Defendant located at 8703 Lake Forest Drive, Jonesboro, Georgia 30236 (the "Property"). A true and correct copy of the recorded deed under power of sale for the Property is attached hereto as **Exhibit "A"** and incorporated herein by reference. Since the foreclosure sale of the Property, Defendant or persons associated with him have filed several frivolous actions and appeals in an attempt to delay being evicted from the Property. Below is a summary of those actions.

- The Defendant's Actions After the Foreclosure Sale: In 2011 and 2012, Defendant attempted to challenge the validity of the foreclosure sale of the Property through actions filed in the Superior Court of Clayton County, Case

Numbers 2011-CV-00143-9 and 2012-CV00593-8, both of which were ultimately disposed of in favor of Plaintiff and/or its privies.[1]

- The First Dispossessory Action: On or around August 16, 2013, prior counsel for Plaintiff filed a dispossessory action against Defendant and others at the Property in the Magistrate Court of Clayton County. Defendant and an individual named Michael Dondis filed pro se answers on November 22, 2013. On December 9, 2013, the Magistrate Court held a hearing and entered Judgment in favor of Plaintiff providing (1) that a Writ of Possession shall issue but shall not be executed until the expiration of seven (7) days after the Judgment date, (2) that Plaintiff shall have and recover of Defendants the sum of $66,000 as principal for the fair rental value for thirty-three (33) months at the rate of $2,000 per month, (3) that in the event an appeal is taken, Defendants shall pay $2,000 into the registry of the Court on the 16th day of each month, beginning December 16, 2013, plus any judgment amount by the date of the appeal, and (4) that upon Defendants' failure to comply with the terms of the Judgment and upon filing of an affidavit by Plaintiff, a Writ of Possession shall issue *instanter* and without additional hearing. A true and correct copy of the

---

[1] One of these cases advanced to the United States Court of Appeals for the Eleventh Circuit, which was decided in favor of Plaintiff and/or its privies. That case resulted in a published opinion under Case Number 12-12779 on August 16, 2013.

Magistrate Court's judgment is attached hereto as **Exhibit "B"** and incorporated herein by reference.

- The Appeal(s) of the First Dispossessory Action to State Court and the Court of Appeals: Defendant and Mr. Dondis filed a Notice of Appeal on December 16, 2013 to the State Court of Clayton County. The State Court granted a request for a Writ of Possession from Plaintiff on August 5, 2014. Defendant and Mr. Dondis then filed a Motion to Set Aside and Re-Enter the Order entered on August 5, 2014. On September 10, 2014, the Court set aside the August 5, 2014 order and scheduled a status conference. Mr. Dondis then filed an application for discretionary review to the Court of Appeals of Georgia on November 20, 2014. The appeal was ultimately dismissed by the Court of Appeals on December 16, 2014. A true and correct copy of the Court of Appeals' Order is attached hereto as **Exhibit "C"** and incorporated herein by reference.

- The State Court Enters a Writ of Possession: On November 17, 2014, the State Court entered a Writ of Possession in favor of Plaintiff and against Defendants. A true and correct copy of that Writ of Possession is attached hereto as **Exhibit "D"** and incorporated herein by reference.

- The Appeal by Tammy Carlisle: On December 12, 2014, Tammy Carlisle, an individual who never filed an answer or entered an appearance in the first dispossessory action, filed a Motion to Set Aside or Modify the Writ of

Possession entered November 17, 2014. The State Court denied that Motion.
A true and correct copy of the State Court's order denying the Motion is attached
hereto as **Exhibit "E"** and incorporated herein by reference. Ms. Carlisle then
filed an application for discretionary review to the Court of Appeals of Georgia.
The appeal was ultimately dismissed by the Court of Appeals on January 15,
2015. A true and correct copy of the Court of Appeal's Order is attached hereto
as **Exhibit "F"** and incorporated herein by reference.

- Plaintiff is Unable to Move Forward with the State Court's Writ of Possession:
  Plaintiff assigned the undersigned counsel to work on this matter in late 2016.
  The undersigned counsel was unable to move forward with the Writ of
  Possession issued by the State Court, as the Clerk and Sheriff explained that it
  had "expired." On February 10, 2017, Plaintiff filed a Motion to Reissue Writ
  of Possession. On February 20, 2017, the State Court denied said Motion,
  indicating that it had already issued a Writ of Possession. A true and correct
  copy of the State Court's order is attached hereto as **Exhibit "G"** and
  incorporated herein by reference.

- The Second Dispossessory Action: On February 23, 2017, Plaintiff filed a
  second dispossessory action against Defendant and All Other Occupants in the
  Magistrate Court of Clayton County, Case Number 2017-CM05631. A true and
  correct copy of the second dispossessory action is attached hereto as **Exhibit**

**"H"** and incorporated herein by reference.  On March 16, 2017, Defendant, Ms. Carlisle, and Mr. Dondis filed an answer.  True and correct copies of their answers are attached hereto as **Exhibit "I"** and incorporated herein by reference.  The Magistrate Court then set a hearing for March 27, 2017.

- The First Removal of the Second Dispossessory Action:  Three days before the hearing in the second dispossessory action, on March 24, 2017, Defendant removed the new dispossessory action to this Court, assigned a case number of 1:17-CV-1083-TCB-WEJ.  On June 2, 2017, Plaintiff filed a Motion to Remand the new dispossessory action back to the Magistrate Court of Clayton County [Case No. 1:17-CV-1083-TCB-WEJ, Dkt. 7].  During this same period, Plaintiff again attempted to have the State Court in the first dispossessory action re-issue the Writ of Possession, which was ultimately denied.  A true and correct copy of the State Court's order is attached hereto as **Exhibit "J"** and incorporated herein by reference.  On October 19, 2017, this Court, the Honorable Timothy C. Batten, Sr., entered an order remanding the new dispossessory action back to the Magistrate Court of Clayton County [Case No. 1:17-CV-1083-TCB-WEJ, Dkt. 13].

- Another Action Filed by Defendant against Plaintiff:  On February 20, 2017, Defendant filed another action against Plaintiff in the Superior Court of Clayton County, Case Number 2017-cv-0513-9.  Plaintiff filed a special appearance

answer and Motion to Dismiss that action.  Ultimately, Defendant voluntarily dismissed that action on December 1, 2017.  A true and correct copy of the dismissal is attached hereto as **Exhibit "K"** and incorporated herein by reference.

- The Second Removal of the Second Dispossessory Action:  After Judge Batten entered his remand order, the Magistrate Court in the second dispossessory action scheduled a hearing for December 4, 2017.  At that hearing, Defendant presented a Notice of Removal for this action, which showed a removal date of December 1, 2017 [Dkt. 1].

The Magistrate Court in the second dispossessory action placed the case on hold pending resolution of Defendant's removal of the case to this Court.  The Magistrate Judge has recommended that this action be remanded to the Magistrate Court of Clayton County.  Plaintiff files this its limited objection to the Magistrate Judge's R&R, asking that the Court amend the R&R to require this Court's approval before Defendant, Mr. Dondis, and Ms. Carlisle before filing any other removal actions which concern the second dispossessory action.

## ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party may serve and file specific written objections to a Magistrate Judge's R&R.  Under subsection (b)(3), the District Court Judge may then accept, reject, or modify the Magistrate Judge's R&R.

This Court may grant extraordinary relief preventing future removals of the second dispossessory action where a pattern of improper removals and other filings for purposes of delay is shown. *See HSBC Mortgage Services, Inc. v. Cunningham,* 1:07-cv-024870-WSD-JFK (N.D.Ga. Oct. 12, 2007) (citing *Smith v. Student Non-Violent Coordinating Committee,* 421 F.2d 522, 524 (5th Cir. 1969)).

Plaintiff foreclosed the Property almost seven (7) years ago, on January 4, 2011. Defendant and his associates have filed various actions, appeals, and removal actions, as a delay tactic to prevent Plaintiff from taking back possession of the Property. All of those actions have failed. Three (3) days before the second hearing in the second dispossessory action, Defendant removed that action to this Court. The Magistrate Judge has already determined that this case should be remanded to the Magistrate Court of Clayton County. Based upon the foregoing history of delay tactics by Defendant and his associates, this Court should require that Defendant, Mr. Dondis, and Ms. Carlisle obtain express written permission from this Court before filing any other removal actions which concern the second dispossessory action.

CONCLUSION

Plaintiff respectfully requests that the Court amend the Magistrate Judge's R&R to provide that Defendant, Mr. Dondis, and Ms. Carlisle be required to obtain express written permission from this Court before filing any other removal actions which concern the second dispossessory action.

Respectfully submitted, this 18<u>th</u> day of December, 2017.

WEISSMAN PC


<u>/s/ David S. Klein</u>
David S. Klein
Georgia Bar No. 183389
*Attorney for Plaintiff*

One Alliance Center
3500 Lenox Road, NE, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
davidk@weissman.law


## CERTIFICATE OF FONT AND POINT SELECTION

The undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga.,

that the foregoing document was prepared in Times New Roman, 14 point font,

which is one of the font and point selections approved in L.R. 5.1, N.D. Ga.


<u>/s/ David S. Klein</u>
David S. Klein
Georgia Bar No. 183389

09916
00446

**FILED IN OFFICE**
**CLAYTON COUNTY, GEORGIA**
2011 Feb 7    11:57 AM
DATE            TIME
**JACQULINE D. WILLS**
**CLERK SUPERIOR COURT**

102584

Return To:
Aldridge Connors, LLP
780 Johnson Ferry Road NE
Suite 600
Atlanta, GA 30342
(678) 894-3400

STATE OF ____**Florida**____

COUNTY OF ____**Duval**____

NOTE TO CLERK:  Cross reference to that Security
Deed recorded at Deed Book 8866, Page 228,
Clayton County, GA.

Clayton County, Georgia
Real Estate Transfer Tax
Paid $ ____
Date ___2-7___ 20_11_
**JACQULINE D. WILLS**
Clerk, Superior Court

## DEED UNDER POWER

THIS INDENTURE, made and entered into 1/4/2011, by and between **Clarence L. Carr a/k/a Clarence Carr** (hereinafter collectively "Borrowers"), acting by and through **U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6,** as the duly appointed agent and Attorney-In-Fact (hereinafter "Lender") as Party of the First Part, and **U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6,** as Party of the Second Part:

### WITNESSETH:

WHEREAS, Borrower did execute and deliver that certain Security Deed to **Mortgage Electronic Registration Systems, Inc., as nominee for Home America Mortgage, Inc.,** dated 10/27/2006, which is recorded in Deed Book 8866, Page 228, **Clayton** County Records, said Security Deed having been last sold, assigned, transferred and conveyed to **U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6** by Assignment, recorded at deed book 9792, page 326,  Clayton County Records, which conveys the property hereinafter described to secure an indebtedness evidenced by a Note in the original principal amount of $611,700.00; and

WHEREAS, said indebtedness was not paid in accordance with the terms of said Note and Security Deed and became in default, and under the terms thereof the entire principal and interest was declared immediately due and payable; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four  (4) weeks immediately preceding the sale in the newspaper in **Clayton** County, Georgia, wherein the Sheriff carried his advertisements, namely the **News Daily**; and

WHEREAS, notice of the foreclosure sale was given in compliance with O.C.G.A. § 44-14-162 et seq. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was

BK09916PG446

1002-838
1/4/2011



EXHIBIT

tabbies®

A

09916
00447

submitted to the publisher of the News Daily, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of 1/4/2011; and

WHEREAS, Lender, according to the terms of said Security Deed, did expose said property for sale to the highest and best bidder for cash on the first Tuesday in January, 2010 within the legal hours of sale before the Courthouse door in Clayton County, Georgia and offered said property for sale at public outcry; and

WHEREAS, the property hereinafter described was knocked off to the Party of the Second Part, U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series
2006-6 who was the highest and best bidder for cash, at and for the sum of $215,200.00.

NOW THEREFORE, in consideration of the premises and the above said sum of $215,200.00 in hand paid, the receipt of which is hereby acknowledged, the said Party of the First Part does hereby bargain, sell, transfer and convey unto said Party of the Second Part, its successors and assigns, the following described property:

All that tract or parcel of land lying and being situate in Land Lot 5, of the 6th District, and in Land Lot 12, of the 12th District, Clayton County, Georgia, being Lot 44, Block A of Lake Spivey Estates Subdivision (formerly known as either North Lake Shores or North Shores Subdivision, as shown on Plat recorded in Plat Book 16, Page 52, Clayton County, Georgia records), as shown on Plat recorded in Plat Book 17, Page 71, Clayton County, Georgia records, which plat is incorporated herein by reference for a more complete description.
AND ALSO:
That portion of Land lying between the Southwest line of the above described property and the high water mark of Lake Spivey, and being more particularly described as follows:
Beginning at the Southernmost point of Lot 44, Block A; thence South 53 degrees 30 minutes 49 seconds West to the shore line of Lake Spivey; thence Northwesterly, along the shore line of Lake Spivey, and following the curvature thereof, to the East line of a Georgia Power Right-of-Way easement; thence Northwesterly to the Southwest lines of Lot 44, Block A; thence South 84 degrees 11 minutes 50 seconds East to the point of beginning.

This conveyance is subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

TO HAVE AND TO HOLD the said property hereinbefore described, together with all and singular the rights, members and appurtenances thereunto appertaining to the only property use, benefit and behoof of the said Party of the Second Part, its successors, and assigns, in FEE SIMPLE in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy same.

1002-838
1/4/2011

BK09916PG447

09916
00448

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has caused this instrument to be executed in its corporate name by its duly authorized corporate officers and its corporate seal affixed, on the date first above written.

**U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6**
By and through their duly appointed attorney-in-fact American Home Mortgage Servicing, Inc. as recorded in deed book 9855, page 340, Clayton County Records

As Attorney in Fact for

Clarence L. Carr a/k/a Clarence Carr

By: _____

Print Name: _____ Fenton Ramsey

Title: _____ Assistant Secretary

By: _____ Kasea Matthews

Print Name: _____

Title: _____ Assistant Secretary

(CORPORATE SEAL)

Signed, sealed and delivered in the presence of:

_____
Witness   Vicki L. Brantley

_____
Notary Public

My Commission Expires: MAY 14 2013

NOTARY SEAL

ROSEMARIE BOREN
MY COMMISSION # DD690603
EXPIRES: May 14, 2013
Fl Notary Discount Assoc. Co.

BK09916PG448

1002-838
1/4/2011

## IN THE MAGISTRATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

USBank NA cs Trustee
TBW OTC-Bank Whitsks, 2006 BMC PA
_____ Plaintiff,                        Case No. 2013-MR79-SS

v. Clarence Carr
Michael David Porter, Porter          **JUDGMENT**    (X) Trial
_____ Defendant                          ( ) Default
                                                     ( ) Consent
                                                     ( ) Other Order

This case came before the court (X) for trial ( ) on Plaintiff's motion for entry of a default judgment

(X)   The Court having heard and considered the testimony and evidence presented by the parties in attendance
( )   The Parties having evidenced their consent hereto by signing below
( )   The ( ) Plaintiff(s) ( ) Defendant(s) having failed to appear by the call of the calendar
( )   The Defendant being in default due to failure to answer summons
( )   Upon motion ( ) for directed verdict ( ) for judgment on the pleadings ( ) to strike Defendant's answer

### IT IS HEREBY ORDERED AND ADJUDGED THAT
( )   The case is dismissed ( ) at Plaintiff's Request ( ) with ( ) without prejudice.
( )   Judgment be entered for the Defendant(s).
(X)   _Plaintiff_ have and recover of _Defendants_ the sum of $_6,000.00_ as
      principal, $_____ as interest, $_____ as attorney's fees and $_____ as costs of court, together with post-
      judgment interest as allowed by law to accrue hereafter.
(X)   A Writ of Possession for the premises sought by Plaintiff shall issue ( ) instanter (X) but shall not be executed until
      the expiration of seven (7) days after today ( ) in accordance with the terms specified below.
( )   the judgment shall be paid as follows: _____

      until paid in full. Upon default and the filing of a sworn statement of such default by the judgment holder,
      a Writ of FI.FA. shall issue for any unpaid balance, and ( ) a Writ of Possession shall issue instanter.
(X)   Further terms of judgment or findings of fact: _____
      _____

(X)   In the event that an appeal is taken in a dispossessory case, the Defendant shall pay $_____ into the registry of
      the court on the _6_ day of each month hereafter, beginning _12-16-13_, plus any judgment amount by
      (X) the date appeal is filed ( ) _____, pursuant to O.C.G.A. §44-7-56. Upon Defendant's failure to comply
      with this order and upon an affidavit from the Plaintiff to that effect duly served upon Defendant as provided by law,
      a Writ of Possession shall issue instanter and without additional hearing.

      SO ORDERED this _9th_ day of _December_, 20_13_.

                                        _____
                                        Judge, Magistrate Court of Clayton County.

( ) Prepared by ( ) Consented to:  Plaintiff _____    Defendant: _____

Rev 3/08

┌─────────────────┐
│   **EXHIBIT**    │
│ B               │
└─────────────────┘

*2013CV04128D*

# Court of Appeals
# of the State of Georgia

**RECEIVED & FILED**

DEC 19 2014

*Phil Carro*
CLERK STATE COURT
CLAYTON COUNTY

ATLANTA,   December 16, 2014

*The Court of Appeals hereby passes the following order:*

## A15D0158. MICHAEL DONDIS v. U. S. BANK.

This dispossessory action originated in magistrate court. After the magistrate court entered judgment against Dondis and other defendants, they appealed to state court, which entered a writ of possession against them. Dondis, claiming that he did not receive a copy of the writ, filed a motion to set aside and re-enter it so that he could appeal. On September 10, 2014, the state court entered an order setting aside the writ of possession and directing the parties to appear at a status conference the following month. On November 20, 2014, Dondis filed this application for discretionary appeal, complaining that although the state court vacated its writ, it failed to re-enter it so that Dondis could timely appeal.

We lack jurisdiction because this application is untimely from the September 10 order. Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). OCGA § 44-7-56 provides that an appeal from a judgment in a dispossessory action must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Dondis's application, filed 71 days after entry of the order he wishes to appeal, is untimely. The application is therefore DISMISSED for lack of jurisdiction.[1]

---

[1] Further, we note that the action apparently remains pending below. Accordingly, in order to appeal the non-final September 10 order, Dondis needed to



**EXHIBIT**

tabbies®

C



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __12/16/2014__
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____, *Clerk.*

comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b),
including obtaining a certificate of immediate review from the trial court.

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**RECEIVED & FILED**

**NOV 17 2014**

*Gail Carroll*
CLERK STATE COURT
CLAYTON COUNTY

U.S. BANK, NATIONAL ASSOCIATION, AS )
TRUSTEE TBW MORTGAGE-BACKED )
TRUST 2006-6, MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2006-6, )
)
      Plaintiff, )
)     Civil Action File
)
vs. )     No. 2013-CV-04128-D
)
CLARENCE L. CARR, )
MICHAEL DONDIS, AND ANY )
OTHER OCCUPANTS, )
)
      Defendants. )

## WRIT OF POSSESSION

TO THE SHERIFF OF CLAYTON COUNTY or his lawful Deputies and to all other

singular Sheriffs of the State or their lawful Deputies and to all lawful Constables of said State:

WHEREAS by judgment of the Clayton County Magistrate Court dated December 9, 2013

to maintain possession of subject real property situated at 8703 Lake Forest Drive, Jonesboro,

Clayton County, Georgia 30236, Defendants were required to pay $66,000.00 of back rent into the

registry of court and $2,000.00 per month thereafter during the pendency of their appeal;

It appearing that Defendants have failed to comply with the December 9, 2013 judgment and

it further appearing that Plaintiff duly served an Affidavit to that effect pursuant to said judgment,  &#42;

THEREFORE, I COMMAND YOU that without delay you deliver to Plaintiff full and quiet

possession of the said premises so recovered with the appurtenances.

IT IS SO ORDERED this 11 day of ___Nov.___, 2014.

_____
JUDGE LINDA S. COWEN
Clayton County State Court

**EXHIBIT**

D

&#42;*Plaintiff has through this Motion dismissed their request for a money judgment.*

PRESENTED BY:

Alexandria J. Reyes
Georgia Bar No. 428936
Mark J. Windham
Georgia Bar No. 113194
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
Tel. (404) 885-3000
Fax. (404) 885-3900
*Counsel for Plaintiff, U.S. Bank, National Association, as Trustee TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6*

**RECEIVED & FILED**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DEC 1 6 2014

CLERK, STATE COURT
CLAYTON COUNTY

| | | |
|---|---|---|
| U.S. BANK, as trustee for 2006-6, | ) | Civil Action No. |
| Plaintiff, | ) | 2013-CV-04128-D |
| V. | ) | |
| CLARENCE CARR, MICHAEL DONDIS. | ) | |
| TAMMY CARLISLE, And any other Occupant, | | |
| Defendants, | ) | |

### ORDER ON DEFENDANT AND ANY OTHER OCCUPANT'S MOTION TO SET ASIDE OR MODIFY THE WRIT OF POSSESSION

Defendant, Tammy Carlisle, and any other Occupant's Motion to Set Aside and/or

Modify the Writ of Possession having been read and considered,

The Court hereby DENIES the Motion to Set Aside and/or Modify the Writ of

Possession.

So Ordered this _16_ day of December 2014.

Honorable Linda S. Cowen
Judge, State Court
Clayton County, Georgia

cc:,   Alexandria J. Reyes, Attorney for Plaintiff
Michael Dondis, Defendant Pro se
Tammy Carlisle, Defendant Pro se
Michael Carr, Pro se



**EXHIBIT**

*tabbies*

E

**RECEIVED & FILED**

# Court of Appeals
# of the State of Georgia

JAN 2 0 2015



CLERK STATE COURT
CLAYTON COUNTY

ATLANTA, January 15, 2015

*The Court of Appeals hereby passes the following order*

**A15D0208. TAMMY CARLISLE v. U.S. BANK AS TRUSTEE FOR TBW MORTGAGE
BACKED TRUST SERIES 2006-6.**

Upon consideration of the Application for Discretionary Appeal, it is ordered that it be

hereby DENIED.

LC NUMBERS:

2013CV04128



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, January 15, 2015.*

   *I certify that the above is a true extract from the minutes of*
*the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto*
*affixed the day and year last above written.*

*Stephen E. Castlen* , Clerk.

I certify that this
is a true copy of
the original document.

TIKI BROWN
Clerk State Court
Clayton County, Georgia

By _____
Deputy Clerk





**EXHIBIT**

F



## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

U.S. BANK. NATIONAL ASSOCIATION, )
AS TRUSTEE TBW MORTGAGE- BACKED )
TRUST 2006-6, MORTGAGE )
PASS-THROUGH CERTIFICATES, )
SERIES 2006-6, )

     PLAINTIFF, )

VS. )

CLARENCE L. CARR, )
MICHAEL DONDIS, AND ANY )
OTHER OCCUPANT, )

     DEFENDANTS. )

Civil Action
File No. 2013-CV- 04128-D

### ORDER

Plaintiff's Motion to Reissue Writ of Possession in the above-styled case having come before the Court.

The Court having read and considered the same, the Court denies the Plaintiff's motion to reissue writ of possession because a writ of possession was previously issued by court order dated November 17, 2014.

So Ordered this 22 day of February 2017.

                             Honorable Linda S. Cowen
                             Judge, State Court
                             Clayton County, Georgia

cc:   Matthew F. Totten, Esq.,
      C. Brent Wardrop, Esq.,
      Tammy Carlisle, Pro se
      Clarence Carr, Pro se
      Michael Dondis, Pro se



EXHIBIT
G

# MAGISTRATE COURT OF CLAYTON COUNTY
# STATE OF GEORGIA
## DISPOSSESSORY PROCEEDING

U. S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED
TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-6
C/O Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road, Atlanta, GA 30326
(404) 926-4500

_____

PLAINTIFF'S NAME & ADDRESS

Clarence L Carr and All Other Occupants
8703 Lake Forest Drive
JONESBORO, GA 30236

_____

DEFENDANT'S NAME & ADDRESS

| CLERK'S USE ONLY |
| --- |
| Once you have entered the required information, print 4 copies. Sign one copy and have notarized. Bring all copies to the Magistrate Court Clerk's office. |

CASE NUMBER _____

Personally appeared the undersigned affiant who on oath says that he/she is attorney at law for plaintiff herein, and that defendants is in possession as
tenant of premises at said address as stated above, in Clayton County, the property of said plaintiff.
FURTHER: (circle only one)
    (a)    THAT tenant fails to pay the rent which is now past due;
    (b)    THAT tenant holds the premises over and beyond the term for which they were rented or leased to tenant(s);
    (c)  X  **THAT tenant is a tenant at sufferance after foreclosure;**
    (d)    THAT plaintiff is entitled to recover any and all rent that may come due until this action is finally concluded.
        Plaintiff desires and has demanded possession of the premises and Defendant has failed and refused to deliver said possession.
WHEREFORE, Plaintiff DEMANDS: (circle all that apply)
    (a)    possession of the premises; (b) past due rent of 0.00; (c) rent accruing up to the date of judgment or
        vacancy at the rate of 0.00 per NA *$1,000/mo, determined as fair rental value in prior dispo case*
    (b)    Previously adjudicated per State Court case #2013-CV-04128-D. Seeking new Writ due to staleness.

Sworn to and subscribed before me, this

_____ day of _Feb_____ , 2017

By: _____
Deputy Clerk/ Notary Public

_____SUMMONS_____

Attorney for Plaintiff, Matthew F. Totten
Phone # w/ Area Code- 404-926-4500
GA Bar No. 798589

TO THE SHERIFF OF CLAYTON COUNTY OR HIS LAWFUL DEPUTIES
GREETINGS: The defendant(s) is/are commanded and required to file an answer to said affidavit in writing or orally in person at the Magistrate
                                                      th
Court of Clayton County, Jonesboro, Georgia on or before the seventh (7  ) day after the date of service of the within affidavit and summons. EACH
defendant is required to file an answer in his or her own name. If such an answer is not made, a Writ of Possession and/or Judgment may issue as
provided by law.
    Witness the Honorable Wanda L Dallas, Chief Judge of said Court.

This _____ day of _____ , 20_____.

| FOR CLERK'S USE ONLY: |
| --- |
| Mailed Copy to Pltf Atty _____ / _____ /20 ____ |

_____

### SHERIFF'S ENTRY OF SERVICE
I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of same: ( ) Personally ( ) Notoriously
(name) _____ ( ) By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First
Class in the envelope properly addresses, with adequate postage thereon, said copy containing notice to the Defendant(s) to answer the place stated in
the summons.

DATE OF SERVICE _____ , D/Sheriff

_____

### IMPORTANT NOTICE
Pursuant to *Official Code of Georgia*, Section 44-7-55(c), any writ of possession issued pursuant to this article shall authorize the removal of the tenant
or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property;
further, it provides that after execution of the writ, such property shall be regarded as abandoned.
Pursuant to *Code of Clayton County, Georgia*, Section 82-91 *et. seq.* , if such personal property is not removed from the landlord's property within
twenty-four (24) hours of the date and time of the execution of the writ of possession, and if the property otherwise is in violation of the county code, a
citation for violation of the county code may issue against the plaintiff.

### WRIT OF POSSESSION
To the Sheriff of Clayton County or his lawful deputies:
You are hereby commanded to remove said defendant together with defendant(s)' property thereon from said premises and to deliver full and quiet
possession of the same to the plaintiff herein; effective 1.) Instanter or 2.) Seven days from the date of judgment; or 3.) Pursuant to the terms of a
consent judgment filed herewith.

This _____ day of _____ , 20_____.

017237-008836



**EXHIBIT**

H

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

U.S. Bank as Trustee for 2006-6 Trust )
                                     )
Plaintiff, )
                                     )
         v. )
                                     )
Clarence Carr & all other occupants )
                                     )
Defendants. )

CASE NO. 2017-CM05631
dispossessory proceeding

JURY TRIAL DEMANDED

## DEFENDANT MICHAEL DONDIS'S ANSWER
## TO THE DISPOSSESSORY WARRANT

**NOW COMES** Defendant Michael Dondis (hereinafter "Defendant"), one

of the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over her, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is her landlord.

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.



EXHIBIT
I

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of possession of the Property in the case styled CLARENCE CARR v. US Bank TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a final adjunction on the merits. The claim herein was a compulsory counterclaim that was not raised in the prior action and is thus barred from being asserted in this Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State Court. Accordingly this case is, among other things, an impermissive collateral attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered

until the judgment is reversed or set aside." See Fowler v. Vineyard, 261 Ga. 454, 455, 405 S.E.2d 678 (1991).

12.

The Summons is defective therefore the dispossessory warrant must be dismissed. The last possible date to answer shall be stated on the summons. (See O.C.G.A. § 44-7-51(b).

13.

Plaintiff failed to pay costs of the prior action it voluntarily dismissed before filing this renewal action therefore the case must be dismissed.

14.

This claim is subject to a mutually agreed upon arbitration agreement.

## **JURY TRIAL DEMAND**

15.

Defendant hereby demands a trial by jury on all claims so triable.

**WHEREFORE** Defendant respectfully requests this Court:

a. Dismiss this action with prejudice;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2017.

Michael Dondis
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| U.S. Bank as Trustee for 2006-6 Trust | ) | |
| | ) | CASE NO. 2017-CM05631 |
| Plaintiff, | ) | dispossessory proceeding |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT MICHAEL DONDIS'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

Michael Dondis
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

U.S. Bank as Trustee for 2006-6 Trust )
           )  CASE NO. 2017-CM05631
Plaintiff,        )  dispossessory proceeding
           )
  v.         )
           )  JURY TRIAL DEMANDED
Clarence Carr & all other occupants )
           )
Defendants._____)

**DEFENDANT TAMMY CARLISLE'S ANSWER
TO THE DISPOSSESSARY WARRANT**

  **NOW COMES** Defendant Tammy Carlisle (hereinafter "Defendant"), one

of the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over her, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is her landlord.

---

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.

-1-

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of possession of the Property in the case styled CLARENCE CARR v. US Bank TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a final adjunction on the merits. The claim herein was a compulsory counterclaim that was not raised in the prior action and is thus barred from being asserted in this Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State Court. Accordingly this case is, among other things, an impermissive collateral attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered

until the judgment is reversed or set aside." See Fowler v. Vineyard, 261 Ga. 454, 455, 405 S.E.2d 678 (1991).

12.

The Summons is defective therefore the dispossessory warrant must be dismissed. The last possible date to answer shall be stated on the summons. (See O.C.G.A. § 44-7-51(b).

13.

Plaintiff failed to pay costs of the prior action it voluntarily dismissed before filing this renewal action therefore the case must be dismissed.

14.

This claim is subject to a mutually agreed upon arbitration agreement.

## JURY TRIAL DEMAND

15.

Defendant hereby demands a trial by jury on all claims so triable.

**WHEREFORE** Defendant respectfully requests this Court:

a. Dismiss this action with prejudice;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2017.

_____
Tammy Carlisle
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

|  |  |
|---|---|
| U.S. Bank as Trustee for 2006-6 Trust ) | |
| ) | CASE NO. 2017-CM05631 |
| Plaintiff, ) | dispossessory proceeding |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Clarence Carr & all other occupants ) | |
| ) | |
| Defendants. ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT TAMMY CARLISLE'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

Tammy Carlisle
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

-6-

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| U.S. Bank as Trustee for 2006-6 Trust )<br><br>Plaintiff, )<br><br>v. )<br><br>Clarence Carr & all other occupants )<br><br>Defendants. ) | CASE NO. 2017-CM05631<br>dispossessory proceeding<br><br>JURY TRIAL DEMANDED |

## DEFENDANT CLARENCE CARR'S ANSWER
## TO THE DISPOSSESSORY WARRANT

**NOW COMES** Defendant Clarence Carr (hereinafter "Defendant"), one of

the parties in possession of the property and answers as follows:

1.

Defendant denies this Court has jurisdiction over him, the case is being

removed by Defendant Carr to Federal Court pursuant to 28 U.S.C. § 1446.[1]

2.

Defendant denies Plaintiff is his landlord.

---

[1] 28 U.S.C. § 1446(d) Notice to Adverse Parties and State Court.—

Promptly after the filing of such notice of removal of a civil action the defendant or
defendants shall give written notice thereof to all adverse parties and shall file a
copy of the notice with the clerk of such State court, which shall effect the removal
and the State court shall proceed no further unless and until the case is remanded.

-1-

3.

Plaintiff failed to demand possession of the property.

4.

Defendant denies he is a tenant at sufferance.

5.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

6.

Plaintiff's dispossessory warrant is barred for failure to obtain a certificate of authority to transact business from the Secretary of State prior to filing this action.

7.

Plaintiff's dispossessory warrant is barred by latches and unclean hands.

8.

Service is defective in this matter therefore the dispossessory warrant must be dismissed.

9.

Process is defective in this matter the therefore the dispossessory warrant must be dismissed.

10.

Plaintiff's dispossessory warrant is defective in the that the document is not notarized or signed by a clerk or deputy clerk of the state of superior court, or the

judge or the clerk or deputy clerk of any other court with jurisdiction over the

subject matter, or the magistrate in the district where the land lies.

11.

Plaintiff's dispossessory warrant is barred by collateral estoppel, claim

preclusion and res judicata. Plaintiff and Defendant Carr litigated this issue of

possession of the Property in the case styled CLARENCE CARR v. US Bank

TBW Mortgage Backed-Trust Series 2006-6 Mortgage Pass Through Certificates

Series 2006-6, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INC., Case 1:11-cv-00821-SCJ –GGB, Northern District of Georgia. There is a

final adjunction on the merits. The claim herein was a compulsory counterclaim

that was not raised in the prior action and is thus barred from being asserted in this

Court. Moreover this is the 4th action filed by the Plaintiff in this Court, the first

being voluntarily dismissed by the Plaintiff, in the 2nd action Plaintiff consented to

dismissal and in the 3rd action Plaintiff obtained a writ of possession from the State

Court. Accordingly this case is, among other things, an impermissive collateral

attack on the State Court judgment (See OCGA § 9-12-40, which states that "[a]

judgment of a court of competent jurisdiction shall be conclusive between the same

parties and their privies as to all matters put in issue or which under the rules of

law might have been put in issue in the cause wherein the judgment was rendered

-3-

until the judgment is reversed or set aside." See Fowler v. Vineyard, 261 Ga. 454, 455, 405 S.E.2d 678 (1991).

12.

The Summons is defective therefore the dispossessory warrant must be dismissed. The last possible date to answer shall be stated on the summons. (See O.C.G.A. § 44-7-51(b).

13.

Plaintiff failed to pay costs of the prior action it voluntarily dismissed before filing this renewal action therefore the case must be dismissed.

14.

This claim is subject to a mutually agreed upon arbitration agreement.

## **JURY TRIAL DEMAND**

15.

Defendant hereby demands a trial by jury on all claims so triable.

**WHEREFORE** Defendant respectfully requests this Court:

a. Dismiss this action with prejudice;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2017.

_Clarence Carr_

Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

IN THE MAGISTRATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

U.S. Bank as Trustee for 2006-6 Trust )
                                      )    CASE NO. 2017-CM05631

Plaintiff, )    dispossessory proceeding
                                        )

v. )    JURY TRIAL DEMANDED
                                        )

Clarence Carr & all other occupants )

Defendants. )

## CERTIFICATE OF SERVICE

     This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing, **DEFENDANT CLARENCE CARR'S ANSWER TO THE DISPOSSESSARY WARRANT**, in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 16th day of March, 2017.

*Clarence Carr*

Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236



COPY

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA          **RECEIVED & FILED**

JUN - 5 2017

*Jki Bram*
CLERK STATE COURT
CLAYTON COUNTY

U.S. BANK NATIONAL ASSOCIATION )
AS TRUSTEE FOR TBW MORTGAGE- )
BACKED TRUST 2006-6, MORTGAGE )
PASS THROUGH CERTIFICATES, )          CIVIL ACTION NO.
SERIES 2006-6, )
)
    Plaintiff, )          2013-CV-04128
)
V. )
)
CLARENCE CARR and All Other )
Occupants, )
)
    Defendants. )

### ORDER ON PLAINTIFF'S REQUEST FOR ISSUANCE OF WRIT OF POSSESSION

Plaintiff has moved the Court to issue a writ of possession "per 2/20/17 order"

in the above-referenced case. The Court, in the Order dated February 20, 2017 denied a

previous request for a writ of possession in this case, as the Court previously issued a writ

on November 17, 2014. Plaintiff has asked the Court to issue another writ of possession,

apparently, because the Sheriff will not execute the 2014 writ at this late date.

The Plaintiff cites not law, however, and the Court can find none, which allows

the Court to simply issue a new writ of possession in this 2013 case upon motion by

Plaintiff.

Plaintiff, in order to get another writ, must file a new dispossessory action, serve

the proper Defendants, and proceed as required by law.



EXHIBIT
J

Therefore, the Plaintiff's "Application for Writ of Possession" in this case is

DENIED.

So Ordered this 5th day of June, 2017.

_____
Hon. Linda S. Cowen
Judge, State Court
Clayton County, Georgia

cc: Matthew Totten, Attorney for Plaintiff
    Defendants

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

FILED
CLAYTON COUNTY, GA

2017 DEC -1  PM 4: 54

JACQULINE D. WILLS
CLERK SUPERIOR COURT

Mr. Clarence Carr,                          :

Plaintiff,                                  :
                                            :
v.                                          :        Case No.: **2017CV00513-09**
                                            :
                                            :
U.S. Bank as trustee for TBW Mortgage :
Backed Trust Series 2006-6,                 :
                                            :
Defendant.                                  :

## <u>PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL</u>

NOW COMES the Plaintiff and hereby dismisses his case without prejudice

pursuant to O.C.G.A. § 9-11-41(a)(1)(A).


Respectfully submitted this 1st day of December, 2017.




Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236


**EXHIBIT**

K

-1-

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

FILED
CLAYTON COUNTY, GA

2017 DEC -1  PM 4: 54

JACQULINE D. WILLS
CLERK SUPERIOR COURT

Mr. Clarence Carr,                          :

Plaintiff,                                  :
                                            :
    v.                                      :        Case No.: **2017CV00513-09**
                                            :
                                            :
U.S. Bank as trustee for TBW Mortgage :
Backed Trust Series 2006-6,                 :
                                            :
Defendant.                                  :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served Appellee with a copy of the within and foregoing, **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL,** in a properly addressed envelope, with adequate postage affixed thereto and addressed as follows:

*Weissman, Nowack, Curry & Wilco, P.C.*
*Attn: Mr. Mathew Totten, Esq.*
*3500 Lenox Road*
*One Alliance Center, 4th Floor*
*Atlanta, Georgia 30326*

Dated this 1st day of December, 2017

Clarence Carr
Pro se
8703 Lake Forest Drive
Jonesboro, Georgia 30236

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I electronically filed **Plaintiff's Limited Objection to Magistrate Judge's Final Report and Recommendation** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

I hereby certify that on this date I served Defendant by depositing same in the United States Mail with sufficient postage affixed thereto to ensure delivery to:

Clarence Carr
8703 Lake Forest Drive
Jonesboro, Georgia  30236

WEISSMAN PC

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389
*Attorney for Plaintiff*

One Alliance Center
3500 Lenox Road, NE, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
davidk@weissman.law