IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>  Plaintiff,<br><br>v.<br><br>CLARENCE L. CARR,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>NO.  1:17-cv-4876-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation (the "R&R") [3], which recommends remanding this case to the Magistrate Court of Clayton County, Georgia. Defendant Clarence Carr has not filed objections to the R&R. Plaintiff U.S. Bank National Association has filed a limited objection [6] to the R&R requesting that Defendant be required to obtain permission of the Court before filing another removal action related to this case.

The Court has conducted a "careful and complete" review of the R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per

curiam) (quoting *Nettles v. Wainright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). Having done so, it finds no plain error in its factual findings or legal conclusions. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (holding that where no objection is made to an R&R, it need be reviewed only for clear error).[1]

Further, the Court finds Plaintiff has shown good cause to require Carr to obtain permission of the Court before again attempting to remove this case and further delay the dispossessory proceedings in Clayton County. *See HSBC Mortg. Servs., Inc. v. Cunningham*, 1:07-cv-02480-WSD, 2007 WL 3005337, at *2 (N.D. Ga. Oct. 12, 2007) (citing *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522, 524 (5th Cir. 1969)).

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

Accordingly, the Court adopts as its Order the R&R [3]. This case is remanded to the Magistrate Court of Clayton County, Georgia pursuant to 28 U.S.C. § 1447(c). Defendant is also ordered to obtain express permission from this Court before filing another removal action related to the underlying dispossessory case.

IT IS SO ORDERED this 27th day of December, 2017.

*[signature]*

Timothy C. Batten, Sr.
United States District Judge